WILSON, District Judge,
concurring in part and dissenting in part:
I concur in part III of the court’s opinion and in the affirmance of Jordan’s conviction. I dissent as to the remainder.
The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts. Therefore, defendant does not have immunity for crimes related to, but not specifically set out in the indictment or statement of facts. (Emphasis added).
I dissent because I can neither find the clear, unambiguous meaning the majority finds in these two sentences nor conclude that a remand is incapable of supplying a mutually agreed upon meaning. Although I fully agree that if extrinsic evidence cannot supply a mutually agreed upon meaning we must construe any ambiguity against the United States, I cannot agree, as the majority has concluded, that “evi *204 dence simply does not exist in this case” of a mutual understanding. I agree that it does not exist on the record before us. However, it does not exist on the record before us because the district court found that the language the majority finds unambiguously prohibited the prosecution, unambiguously permitted it, and it had no reason to explore the matter further.
I agree that the government must live by its agreements, but before we conclude that the United States’ agreement precluded it from prosecuting Gordon for murder in the course of his drug dealing, we should be sure extrinsic evidence is incapable of supplying a mutually agreed upon meaning. I would remand for that purpose. Therefore, I respectfully dissent.